**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONAL CASUALTY CO., | )<br>)<br>) |
| Plaintiff, | )<br>) 2:18-cv-02292-RCJ-GWF |
| vs. | )<br>) |
| LAS VEGAS SHUTTLES CORP. et al., | ) **ORDER**<br>) |
| Defendants. | )<br>) |

This case arises out of a traffic accident in Las Vegas, Nevada. Pending before the Court is a motion to dismiss.

**I.  FACTS AND PROCEDURAL HISTORY**

On May 3, 2013, a Dodge Grand Caravan abruptly stopped, causing a second vehicle travelling behind it (owned by Defendants Martha Zavala and Cesar Guerrero-Gonzalez) to also abruptly stop. (Compl. ¶ 8, ECF No. 1). A third vehicle (owned by Salvador Serrano and driven by Dina Flores, who was employed by Defendant Las Vegas Shuttles Corp. ("LVS Corp.")) then struck the second vehicle from the rear. (*See id.* ¶¶ 8, 11).

Zavala and others sued LVS Corp. and others in the Eighth Judicial District Court, Case No. A-13-693847-C ("the Underlying Action"). (*Id.* ¶ 9). On February 25, 2014, the plaintiffs in the Underlying Action amended to add Las Vegas Shuttles ("LVS") as a defendant. (*Id.* ¶ 10).

LVS is not a legal entity and is therefore not named as a Defendant in the present case. (*Id.*). On June 3, 2014, LVS Corp. and LVS were dismissed from the Underlying Action based on Flores's testimony that she was not acting within the scope of her employment when the accident occurred. (*Id.* ¶ 11). On July 8, 2015, plaintiffs in the Underlying Action again amended to rejoin LVS Corp. and LVS as defendants on the theory that one of them owned the Dodge Grand Caravan. (*Id.* ¶ 12). On September 16, 2015, Plaintiff National Casualty Co. answered on behalf of LVS Corp., LVS, and its insured Las Vegas Shuttles Express, Inc. ("LVSE") under a commercial auto policy ("the Policy"). (*Id.* ¶¶ 13, 18). On January 6, 2016, LVSE was dismissed from the Underlying Action because it had no relation to LVS Corp. or LVS. (*Id.* ¶ 14). LVSE does not own the Dodge Grand Caravan; nor is that vehicle otherwise insured under the Policy. (*Id.* ¶ 19). On May 15, 2018, Zavala and Guerrero-Gonzalez sought a default against LVS Corp. and LVS, the only remaining defendants in the Underlying Action. (*Id.* ¶¶ 15, 17). Plaintiff has retained counsel to prevent the entry of default against LVS Corp. and LVS in the Underlying Action. (*Id.* ¶ 16).

Plaintiff has sued LVS Corp., Zavala, and Guerrero-Gonzalez for a declaration that it has no duty to defend or indemnify LVS Corp., because LVS Corp. is not an "insured" under the Policy. Plaintiff notes that it has joined Zavala and Guerrero-Gonzalez as Defendants simply to bind them with respect to any judgment. Zavala and Guerrero-Gonzalez have moved to dismiss for lack of standing.

**II.    DISCUSSION**

Article III of the Constitution requires a live "case or controversy" to invoke the judicial power of the United States, meaning, *inter alia*, an injury in fact. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546–47 (2016). "To establish injury in fact, a plaintiff must show that he or she

suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Movants argue that Plaintiff has no standing because its claim is unripe, conjectural, and hypothetical. But the Court of Appeals has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *GEICO v. Dizol*, 133 F.3d 1220, 1222 n.2 (9th Cir.1998) (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941)). The question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co.*, 312 U.S. at 273.

Here, Plaintiff and Defendants have real and immediate adverse legal interests due to the Underlying Action. That is, Plaintiff seeks to avoid liability under the Policy for the actions of the driver of the Dodge Grand Caravan. Zavala and Guerrero-Gonzalez are seeking a default judgment against LVS Corp. in the Underlying Action based on its alleged ownership of that vehicle. If Zavala and Guerrero-Gonzalez obtain a default judgment against LVS Corp., LVS Corp. will presumably demand indemnification from Plaintiff if it believes there is any chance of coverage under the Policy. Of course, it is possible the notion that LVS Corp. is covered under the Policy for the accident at issue is a total fantasy. But then why do movants not simply say so? There might be no case or controversy here (at least as to movants) if movants simply conceded that Plaintiff had no duty to indemnify LVS Corp. under the Policy. The fact that movants have failed to make that simple concession in their motion makes clear that there is a real and immediate controversy between them and Plaintiff. Far from showing the lack of a live

controversy, movants in fact demonstrate the controversy by emphasizing their position that LVS Corp. is covered under the Policy for the accident at issue in the Underlying Action.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is DENIED.

IT IS SO ORDERED.

Dated this 18th day of January, 2019.

                                                              _____
                                                                            ROBERT C. JONES
                                                                     United States District Judge